UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:03-cr-332-T-23TBM
      8:05-cv-1175-T-23TBM

ANELDO RAMIREZ MENDEZ
_____/

**O R D E R**

Mendez's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his conviction for possession with intent to distribute five kilograms or more of cocaine and the ensuing sentence of 135 months' imprisonment. The motion, though timely, is meritless.

A motion to vacate must be reviewed prior to service on the United States. *See* Rule 4 of the Rules Governing § 2255 Cases. If the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the motion is properly denied without a response from the United States. 28 U.S.C. § 2255. *See also United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (a "§ 2255 hearing is not required if 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief'") (citation omitted); *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (affirming district court's summary dismissal of § 2255 motion "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not

---

[1] Fifth Circuit decisions handed down prior to October 1, 1981, are binding precedent upon this Court. *Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

entitled to relief."); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'").  For reasons set forth below, Mendez's motion is without merit.

Mendez's conviction is based on a negotiated plea. The Plea Agreement (Doc. 228 in 8:03-cr-332-T-23TBM) specifically states that Mendez "expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines. . . ." Plea Agreement ¶ 5 at 11. Mendez was sentenced to the guidelines minimum of 135 months imprisonment, which was not an upward departure nor above the statutorily authorized maximum sentence of life imprisonment.[2]  Thus, Mendez's waiver of his right to challenge the guidelines sentence is controlling.

Mendez's claim that counsel was ineffective for not filing a notice of appeal is without merit.  Counsel is not ineffective for failing to file a notice of appeal, even when asked to do so, if the plea agreement contains an appeal waiver.  *See, e.g.*, *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995) ("**Absent an express waiver of the right to appeal his sentence**, a defendant who pleads guilty and is

---

[2] In fact, the 135-month sentence was pursuant to the government's agreement to a sentence at the low end of the guidelines range and the governments recommendation for a three-level downward adjustment for acceptance of responsibility.

sentenced under the Guidelines has a right to direct appeal of his sentence.") (emphasis added), and *Roe v. Flores-Ortega*, 528 U.S. 470, 480 & 489 (2000) ("Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights.") ("Finally, of course, there is no claim here that Flores-Ortega waived his right to appeal as part of his plea agreement . . . ." Souter, J., dissenting).  Thus, Mendez's claim that defense counsel rendered ineffective assistance for not filing a notice of appeal is without merit.

Mendez's also claims that his plea was entered without understanding the nature of the charge or consequence of the plea because he is illiterate in both Spanish and English.  This claim is without merit.  The record shows that Mendez received the assistance of a translator on numerous occasions.  *See* Doc. 46, 75, 91, 99, 100, 123, 126, 146, 165 & 190.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.  The clerk shall **ENTER A JUDGMENT** against Mendez and **CLOSE** this action.

ORDERED in Tampa, Florida, on June 29, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

SA/ro